## WASECA REALTY CORPORATION v. PORTER, Price Adm'r.

### No. 274.

United States Emergency Court of Appeals.

Heard at New York June 11, 1946.

Decided Aug. 30, 1946.

Ruth Ranson, of New York City, for complainant.

Jacob D. Hyman, Associate Gen. Counsel, of Washington, D. C. (Richard H. Field, Gen. Counsel, and Harry H. Schneider, Chief, Court Review Rent Branch, Betty L. Brown and Philip Travis, Attys., all of the OPA, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and McALLISTER and LINDLEY, Judges.

PER CURIAM.

This complaint sought a review of the order of the Price Administrator denying the complainant's protest against the action of the Area Rent Director of the New York City Defense-Rental Area denying its application for the increase of the maximum rent of the penthouse apartment in its apartment building at 435 East 57th Street, New York City. The application was based on Section 5(a) (11) of the Rent Regulation. The penthouse apartment in question had originally comprised two separate apartments which had been combined into one some years before the maximum rent rate and had been rented to and occupied by one tenant.

At the hearing before this court counsel for the complainant stated and it was subsequently stipulated that with the approval of the Office of Price Administration and the consent of the tenant the complainant had made an alteration restoring the two apartments to substantially their original condition as separate housing accommodations, that the tenant had signed two new leases, one for each apartment and that the complainant had filed with the Area Rent Director two new registration statements, one covering each apartment.

It is clear from the stipulated facts that the housing accommodation with which the present complaint is concerned no longer exists as a single unit but has now been changed so as to constitute two separate units each of which has been registered as

required by the regulation and may now be dealt with in accordance therewith. It follows that the controversy with respect to the maximum rent of the former single unit has now become moot and that the complaint must be dismissed on that ground.

A judgment will be entered dismissing the complaint.`

L. HAND, Circuit Judge, dissenting.