## FASONS REALTY CORPORATION v. BOWLES, Price Adm'r.

### No. 152.

United States Emergency Court of Appeals. Heard at Brooklyn Nov. 17, 1944.

Decided Dec. 7, 1944.

Rehearing Denied Jan. 5, 1945.

Irving Friedman, of Brooklyn, N. Y., for complainant.

Warren L. Sharfman, Chief, Court Review Rent Branch, of Washington, D. C. (Richard H. Field, Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, and Charles P. Liff, Atty., all of the Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.

MARIS, Chief Judge.

Complainant is the owner of an apartment house in the Borough of Brooklyn, in the City of New York. Upon uncontested facts which it is unnecessary here to recite a dispute arose as to whether for one of the apartments the maximum monthly rent established by the Rent Regulation for Housing in the New York City Defense Rental Area[1] was $37, the amount stipulated for in the lease, or $35, the amount of cash which the tenant actually paid with the consent of the complainant as of March 1, 1943, the maximum rent date. The

---

[1] 8. F.R. 13914.

tenant having refused to pay more than $35, the complainant instituted an eviction proceeding in the Municipal Court in Brooklyn. Pending that proceeding the Area Rent Director, acting under Section 5(d) of the regulation, proceeded to determine the maximum rent for the apartment in question and, after hearing, issued an order on January 11, 1944, determining it to be $35 per month. The complainant's application to review this order was denied by the Regional Administrator and its subsequent protest was denied by the Price Administrator. The present complaint was then filed in this court.

On October 6, 1944, after this suit was filed, the Area Rent Director for the New York Defense Rental Area revoked his order of January 11, 1944, fixing the complainant's maximum rent. He did this upon the ground that the issue as to the amount of that rent involved only a question of law containing no element of factual dispute, whereas Section 5(d) of the regulation under which the revoked order had been made relates only to situations involving a dispute as to facts. The Administrator thereupon moved this court to dismiss the complaint upon the ground that the issue which it presents is now moot. Consideration of this motion was postponed to the time of the hearing on the merits, which has now been held.

■ Insofar as the Area Rent Director's order, which the complainant seeks to set aside, is concerned, it is clear that the case is now moot since that order has been vacated and is no longer in force. Inasmuch as rent in excess of $35 was not collected by the complainant while the order was outstanding there is at present no possibility of a criminal prosecution or a civil action for treble damages which might entitle the complainant to a determination by this court of the validity of the order even though it is no longer in force. We cannot, however, condone the way in which the complainant by means of the issuance of this admittedly invalid order has been prevented for nearly a year from securing a judicial determination of the question of law which the Administrator now concedes is involved in its case. Unfortunately we cannot decide that question in this case, but the way is now open

for the Municipal Court or any other court before which the question properly arises to determine the complainant's maximum rent by applying the regulation to the admitted facts. In so doing the court will of course be required to determine the operation and effect of the regulation by interpreting its provisions, if necessary.

■ The case is not wholly moot, however, since the complainant also seeks to set aside the Administrator's order denying the protest. It is entitled, we think, to have this order revoked and its protest appropriately disposed of. Accordingly a judgment will be entered setting aside the order of the Administrator issued June 16, 1944, which denied the complainant's protest and remanding the cause for appropriate disposition of the protest.

### Sur Petition for Rehearing.

Before MARIS, Chief Judge, and MAGRUDER, LINDLEY, and LAWS, Judges.

### PER CURIAM.

■ The complainant has filed a petition for rehearing. Counsel again urges therein that this court should determine the complainant's maximum rent even though the Administrator has revoked the order fixing the rent to which the complainant's protest was directed. For the reasons already stated in our prior opinion it is clear that we cannot do so. Counsel for the complainant also calls our attention to the fact that after the hearing of this case the Area Rent Director denied the complainant's petition for a rent adjustment based on a special relationship between landlord and tenant. This he cites as further indication of what he describes as the "run around" being given him by the Office of Price Administration. As we said in our previous opinion, we cannot condone the treatment which has been accorded this complainant. But we are without power to grant the complainant relief in respect to its application for adjustment, assuming its objections to the Rent Director's action are well founded, until after it has exhausted its remedies before the Price Administrator by way of application for review and protest.

The petition for rehearing is denied.