**GORDON v. BOWLES, Price Administrator.**
No. 264.

United States Emergency Court of Appeals.

Heard at Los Angeles Jan. 14, 1946.

Decided Feb. 19, 1946.

Daniel G. Marshall, of Los Angeles, Cal., for complainant.

Benjamin Freidson, Atty., Office of Price Administration, of Washington, D. C. (Messrs. Richard H. Field, Gen. Counsel, Jacob D. Hyman, Associate Gen. Counsel, and John O. Honnold, Jr., Chief Court Review Price Branch, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and McALLISTER and LINDLEY, Judges.

LINDLEY, Judge.

In a complaint filed under Section 204 (a) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 924(a), complain-

ant attacks the validity of certain provisions of price regulations Nos. 422, 423 and 390 (8 F. R. 9395, 9407, 6428) and Los Angeles Order No. 5 having to do with the respective price ceilings of retail stores classified upon the basis of volume of sales. The Administrator included complainant in Group 4, which covers independent or chain stores having gross annual sales in the base period of over $250,000. Group 2, in which complainant claims he should have been placed, consists of independent stores of gross sales of from $50,000 to $250,000 per year. Complainant is proprietor of a grocery and retail liquor department in a store known as the Bargain Town Market, wherein there are two other retailers, Drummond, selling meats, and Balentine, fruits and vegetables. Complainant originally complained of a provision of MPR 422 and 423 that if a retailer sells food in a store in which there are other food retailers, none of whom sells a complete line of the same general class of food, he must "find his group" by taking the combined "annual gross sales" of all the food retailers in that store. He does not now insist that that basis for classification is invalid. See Safeway Stores v. Bowles, Em.App., 145 F.2d 836. Rather, his contention is that he has been deprived of due process of law in that, in determining his classification, as directed by the Administrator, he is compelled to rely upon information supplied by third parties not controlled by him and that to prescribe such a procedure for determining his classification and to deny him the opportunity of having the other retailers brought before the Administrator and examining them as to their volume of business deprive him of a hearing embracing the requirements of due process of law.

In discussing this contention, we should bear in mind that with the propriety of complainant's classification as such, involving, as it does, interpretation and application of the regulations to him, this court is not concerned. Those questions are left to the District Court for determination in enforcement or declaratory actions. Collins, et al. v. Bowles, Em. App., 152 F.2d 760; Conklin Pen Co. v. Bowles, Em.App., 152 F.2d 764, Jan. 11, 1946; Marlene Linens v. Bowles, Em. App., 144 F.2d 874; Veillette v. Bowles, Em.App., 150 F.2d 862.

We are primarily concerned with whether the method and procedure by which the Administrator determines his classifications is of such character as to deprive complainant of his day in court, upon questions vitally affecting his interests. Obviously, if the prescribed procedure is such as to amount to deprivation of due process of law, the regulations are unconstitutional unless complainant has a complete remedy in congressional provisions. As we view this case this is the only question properly within our province.

True it is that the regulations require complainant to obtain from those who are retailers under the same roof with him, information as to the amount of their annual sales; and true it is that there may be instances in which the personal relationship of these retailers is such that they will not willingly cooperate and that it is, therefore, impossible for one to obtain from the others true statements of sales. Indeed, it is asserted by complainant that such a situation existed here and that he was unable to obtain true information as to total volume of sales of the meat retailer. Complainant also relies upon the fact that the Administrator refused to permit him to have subpoenas for the other retailers so that he might examine them. Instead of authorizing such subpoenas, the Administrator procured the affidavits of the other retailers and incorporated them in the record and afforded complainant time within which to rebut the evidence. Complainant did not renew his request for subpoenas or supply any evidence controverting the amounts of sales attested by the other retailers. Does such method of procedure on the part of the Administrator amount to violation of due process of law or is complainant afforded under the Acts of Congress a complete remedy so that it can not be said that he is at any time robbed of his day in court?

The Constitution "guarantees no particular form of procedure; it protects substantial rights." National Labor Relations Board v. MacKay Radio & Telegraph Co., 304 U.S. 333, 58 S.Ct. 904, 913, 82 L.Ed. 1381. Cf. Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288. It requires that there shall be a hearing at which each party can be heard and by virtue of which substantial enjoyment of his constitutional rights is preserved. The Declaratory Judgment Act,

28 U.S.C.A. § 400, we think, affords complainant a complete remedy. Under that Act, if there is a reasonable dispute between the parties as to application and interpretation of an act of Congress or administrative order, either party has a right to resort to the District Court in an application for declaratory judgment. There witnesses may be examined and cross-examined. The complainant need only show that his position is jeopardized by the statute, regulation or order, and thereupon the court will afford relief for any uncertainties with respect to his rights. He is not required to wait indefinitely. The proceeding has the advantage of escaping any technical distinction between law and equity and enables the court to reach the desired goal in the speediest and most inexpensive form. United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288, 290, 295; Sunshine Mining Co. v. Carver, D. C. D. Idaho, 41 F.Supp. 60, 63. Here, then, is congressional provision for a hearing at which complainant may have his rights determined by a court endowed with jurisdiction. In that court he may be fully "heard before being condemned." He may invoke and have protected, according to those rules and forms which have been established for the protection of private rights, his constitutional rights and immunities. We conclude, therefore, that Congress has provided an efficient and complete remedy by virtue of which complainant could at any time have fully protected himself. In view of this conclusion we have no occasion to reach or to decide the question of whether, in the absence of this remedy, the procedure prescribed would be fatally at fault.

The propriety of the classification as a matter of fact and the interpretation of the regulations are questions for the enforcement court; as to them we refrain from gratuitous expression of opinion.

Judgment will enter dismissing the complaint.