BOWLES, Price Administrator, v. GOLDMAN et al.

Civil Action No. 4798.

District Court, W. D. Pennsylvania.

May 2, 1947.

William W. Kapell, of Washington, D. C., and David R. Levin, of Pittsburgh, Pa., for plaintiff.

Joseph A. Rossi, of Pittsburgh, Pa., for defendants.

WALLACE S. GOURLEY, District Judge.

In all of these cases actions were brought under Section 925(e), Title 50 U.S.C.A.Appendix, Emergency Price Control Act, as amended; and they were brought by the Office of Price Administration, through the then Acting Price Administrator in behalf of the United States, to recover treble damages and in some instances requests for injunctive relief were made. The cases involve alleged violations of the Price Control Act, each case differing in some material respect as to the nature of the violation in connection with which it is alleged that the defendant failed to comply with the Act. It is conceded in each instance that by action of the President, the price controls upon the commodity which is involved in each action no longer exist, with the exception of the provisions of the Act which have application to rent control, but that said regulation and the Act were in effect as of the date of the alleged violations. In each of these cases a motion has been filed by legal representatives of the Office of Temporary Controls, in which it is requested that an order be entered in accordance with the provisions of Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for Philip B. Fleming, Administrator of the Office of Temporary Controls, to be substituted as party-plaintiff for Paul A. Porter, formerly Administrator of the Office of Price Administration.

In connection therewith, the defendants in each instance have objected to the granting of the motion after due and proper notice had been given to said defendants of the presentment of said motion. In addition thereto, it is contended by the defendants that the motion should not be granted for the reason that Paul A. Porter, formerly Administrator of the Office of Price Administration, had not been properly substituted as party-plaintiff in said actions as successor to Chester Bowles, formerly Administrator of the Office of Price Administration. In other words, it is first the contention of the defendants that Paul A. Porter was not properly substituted as party-plaintiff for Chester Bowles for the reason that compliance was not made by the Office of Price Administration with the provisions of the Federal Rules of Civil Procedure, more particularly Rule 25(d)

and Rule 6(d). It is next contended by the defendants that since Paul A. Porter was not properly substituted for Chester Bowles and more than six months have elapsed since the appointment of Paul A. Porter as successor to Chester Bowles, regardless of the law as it would apply to the substitution of Philip B. Fleming in the place of Paul A. Porter, said rule of law would not have application for the reason that Philip B. Fleming could not be legally substituted as of this date for Chester Bowles.

The Court will, therefore, first consider the question as to whether or not Paul A. Porter was properly substituted as party-plaintiff in place of Chester Bowles.

Chester Bowles resigned as Price Administrator of the Office of Price Administration, and on February 26, 1946, Paul A. Porter was duly appointed and accepted as Price Administrator, and entered upon the duties of said office on said date. After the appointment of Paul A. Porter, Administrative Counsel for the Office of Price Administration in the Western District of Pennsylvania presented to the Court a written motion ex parte, in which the resignation of Chester Bowles was set forth together with a statement as to the appointment of Paul A. Porter. There was also set forth in said motion substantial need of continuing and maintaining the various causes of action filed by Chester Bowles, succeeded in office by Paul A. Porter, and that the substitution was important in the administration and enforcement of the Emergency Price Control Act. The Court realized and found a substantial need for continuing and maintaining the various causes of action which had been filed and which were pending in this jurisdiction. As a result thereof, on the 6th day of March, 1946, it was ordered and directed that Paul A. Porter, Administrator of the Office of Price Administration, be substituted as party-plaintiff in all actions in the place and stead of Chester Bowles; the exact provisions of the motion made to the Court together with the Order being as follows:

"To the Honorable, the Judges of Said Court:

"Paul A. Porter, by his counsel, respectfully suggests to the Court, that Chester Bowles, plaintiff, has resigned from the office of Administrator of the Office of Price Administration. His resignation was duly accepted and said Paul A. Porter entered upon the duties of said office on February 26th, 1946, and is now lawfully acting as Administrator of the Office of Price Administration. There is substantial need of continuing and maintaining various causes by him as successor in office to Chester Bowles, as Administrator of the Office of Price Administration, for the reason that these actions relate to the present and future discharge of the office of Administrator of the Office of Price Administration, and it is important in the administration and enforcement of the Emergency Price Control Act.

"Wherefore, Paul A. Porter, as Administrator of the Office of Price Administration, respectfully moves for leave to be substituted as plaintiff in the place and stead of Chester Bowles.

"/s/ Thomas F. Garrahan
"Attorney for Plaintiff"

"Order of Court

"And now, to wit, March 6th, 1946, the foregoing suggestion and motion presented in open Court, and thereupon, on motion of Paul A. Porter, by his counsel, it has been made to appear to the Court that

"(1) Chester Bowles, plaintiff, has resigned from the office of Administrator of the Office of Price Administration.

"(2) His resignation was duly accepted and said Paul A. Porter entered upon the duties of said office February 26th, 1946, and is now lawfully acting as Administrator of the Office of Price Administration.

"(3) There is substantial need of continuing and maintaining causes by him as successor in office to Chester Bowles as Administrator of the Office of Price Administration for the reason that these actions relate to the present and future discharge of the office of the Administrator of the Office of Price Administration, and is important in the administration and enforcement of the Emergency Price Control Act.

"Wherefore, it is ordered that Paul A. Porter, Administrator of the Office of Price Administration, is substituted as plaintiff in all actions in the place and

stead of Chester Bowles, and captions on all such cases are accordingly amended to read

" 'Paul A. Porter, Price Administrator, Office of Price Administration, of the United States of America, Plaintiff'

"/s/ Wallace S. Gourley
"District Judge"

The question, therefore, arises as to whether the action of the Court on March 6, 1946, was proper, or that Paul A. Porter was not properly substituted as party-plaintiff in place of Chester Bowles in accordance with the provisions of the Federal Rules of Civil Procedure, thus, it is now improper to permit the substitution of Philip B. Fleming in place of Paul A. Porter.

As has been noted, it is contended by the defendants, who have offered objections, that the substitution of Paul A. Porter as party-plaintiff for Chester Bowles was not made in accordance with the provisions of Rules 6(d) and 25(d) of the Federal Rules of Civil Procedure.

Rule 6(d) provides as follows:

"(d) For Motions—Affidavits. A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. *Such an order may for cause shown be made on ex parte application.* When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(c), opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time."

Rule 25(d) provides as follows:

"(d) Public Officers; Death or Separation from Office. When an officer of the United States, the District of Columbia, a state, county, city, or other governmental agency, or any other officer specified in the Act of February 13, 1925, c. 229, § 11 (43 Stat. 941), U.S.C., Title 28, § 780, is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is substantial need for so continuing and maintaining it. Substitution pursuant to this rule may be made when it is shown by supplemental pleading that the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor in enforcing a law averred to be in violation of the Constitution of the United States. Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application therefor and accorded an opportunity to object."

█ It is, in substance, argued by the defendants that since five days' notice was not given by counsel for the Office of Price Administration of the motion which was filed for substitution after the resignation of Chester Bowles, and more than six months have elapsed since the appointment of Paul A. Porter on February 26, 1946, no jurisdiction or right exists for the Court to permit or direct the substitution of Philip A. Fleming as party-plaintiff in place of Paul A. Porter and/or Chester Bowles. If careful consideration is given to the reading of Rule 25(d), it will appear that there is no provision which requires a governmental agency or an officer of the United States to give any notice to a defendant where it is desired to substitute a successor in office to said agency, or the head thereof, before a substitution can be granted. The Rule only provides that the action may be continued and maintained by or against the successor or head of the governmental agency, if within six months after the successor takes office, it is satisfactorily shown to the Court that there is a substantial need for so continuing and maintaining said action. If a governmental agency, or the officer who is at the head of said agency, is a defendant in the original proceeding, the substitution can only be made on condition that the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application thereof and afforded an opportunity to object. There is no provision in the Rule which requires any notice, as I have hereinbefore stated, where

it is desired to substitute the governmental agency or the administrative officer of the agency of the United States where said person is the plaintiff in the action which is pending.

If Rule 25(d) is read with Rule 6(d), *it is apparent that the Court, for cause shown, may consider a motion ex parte,* or modify the provision as to the period of five days for the service of the motion before the time specified for the presentment thereof, if the Court so directs in its order. Many cases have been cited by counsel for the defendants in support of their position that the substitution should not be directed unless compliance has been made with the provisions of Rule 6(d). However, in all of these cases the question either existed as to the failure to file the motion for substitution within six months after the successor takes office and assumes his duties, or the failure to give proper notice to the officer or the head of the governmental agency who it was desired to substitute, where the officer or the governmental agency was a party defendant.

As a result thereof, the authorities cited would not have application to the facts which exist in this case, and no useful purpose would be gained by making reference thereto.

In reality the Administrator, as an individual, could not be construed to be the plaintiff in the action by the farthest stretch of imagination since he could not be affected, directly or indirectly, in any way whatsoever by the result or the outcome of any litigation in which the Office of Price Administration would be a party plaintiff. He gains no benefits or is he charged with any liabilities regardless of the disposition of the proceedings since the United States Government, through the Office of Price Administration, is the only party who can be prejudiced or benefit in the disposition of the proceedings which may be pending since the United States Government is the 140 million individuals who the Government represents. The Court should be reluctant to adopt the construction of a court rule which, through a technical interpretation, would defeat the purposes and intentions of Congress, such as were expressed in the enactment of the Emergency Price Control Act. Nothing should be done which would impede its administration and enforcement unless it were necessary to carry out the intent of Congress or to protect fundamental individual rights.

I do not see how any useful purpose could have been gained in requiring or directing the Government, through its counsel, to notify the hundreds of defendants who had cases pending in this District at the time the motion for substitution of Paul A. Porter for Chester Bowles was filed. At the most it would have amounted to counsel for the Office of Price Administration being directed to notify each defendant that the motion for substitution of Porter for Bowles would be presented to the Court on a certain date. At said time no argument or statement could have been made to the Court which would have been sound or just to the extent of establishing a lack of substantial need to continue the actions. As a result thereof under the provisions of Rule 6(d), *the Court was justified since cause had been shown* to direct the substitution of Porter for Bowles ex parte, and, therefore, grant the order without any notice being given to the defendants. The Federal Rules of Civil Procedure were adopted by the Supreme Court by virtue of an Act of Congress in order to bring about a fair, just and impartial administration of justice, and I, therefore, do not believe that either Rule 6(d) or Rule 25(d) could be construed to mean that notice would have to previously be given to the defendants in an action of this nature before substitution could be ordered and directed.

In other words, the only question which the Court had for consideration at the time said motion was filed ex parte, since it was filed within six months after Paul A. Porter was appointed to succeed Chester Bowles, was whether or not there was a substantial need for continuing and maintaining the various actions which had been filed by Chester Bowles as Administrator of the Office of Price Administration. The fact that said actions had been filed indicated that as a result of the investigation which had been made, the Office of Price

Administration believed that rights existed in favor of the Government which should be adjudicated by the courts in order that the policies and purposes of the Act could be enforced.

At the time the Court signed the Order directing the substitution on March 6, 1946, an opinion definitely existed that there was a substantial need of continuing and maintaining all of the causes of action which had been previously filed by the Office of Price Administration through Chester Bowles, who was then acting as Administrator, and, as a result thereof, it was unquestionably and without reservation believed by the Court that it was important and necessary to permit the substitution of Paul A. Porter in order to bring about the administration and enforcement of the Emergency Price Control Act, and to comply with the will and direction of Congress.

The United States is a political entity. The Government being an entity should be permitted to proceed in its own name and right, the same as any other legal entity. Of course, the Government can act only by an agent; that is likewise true of a corporation, which is a legal entity, and since an action must be authorized by a proper representative, there is no reason why the rule should be otherwise when the legal entity is the Government.

█ Whether an action has been authorized may be made a matter of defense. There must, however, be a presumption that a person, either natural or artificial, having a right to maintain an action, has authorized the institution of the action filed in court. It is difficult to conclude that the Government can maintain an action only through the instrumentality of an agent authorized by law to act for it. The right of the Government to maintain an action is inherent in its sovereignty. The right to direct the institution of the action resides in the office charged with the administration of the law out of which the action arises. The Administrator is the officer charged with the execution of the laws pertaining to the Office of Price Administration, and in his administration of the affairs of the Government pertaining thereto, he may and it becomes his duty to direct the institution of all actions to protect the interests of the Government.

It is, therefore, my belief and I hereby find, as a matter of law, that the substitution of Paul A. Porter for Chester Bowles was proper.

█ I will next consider the right of substitution of Philip B. Fleming, Administrator of the Office of Temporary Controls, for Paul A. Porter. It is my belief that it is not necessary to request the substitution for the reasons which I have hereinbefore expressed, that is, that the real plaintiff in the action is the United States Government or the Office of Price Administration. However, since counsel for the Office of Temporary Controls desires to substitute Philip B. Fleming, Administrator of the Office of Temporary Controls, it is proper to consider the motion which has been filed.

█ If Fleming is a successor in office to Porter, he may be substituted as a party plaintiff under the provisions of Rule 25(d) of the Federal Rules of Civil Procedure and 28 U.S.C.A. § 780, and this could have been done even though no notice had been given to the defendants. Although most of the controls have been lifted, the Act is still in effect as to any liabilities incurred prior to the lifting of said controls. Congress has explicitly provided that accrued rights and liabilities under the Emergency Price Control Act are preserved whether or not suit is started prior to the determination of the Act. United States v. Hark, 320 U.S. 531, 536, 64 S.Ct. 359, 88 L.Ed. 290; Utah Junk Co. v. Porter, 328 U.S. 39, 66 S.Ct. 889; Collins v. Porter, 328 U.S. 46, 49, 66 S.Ct. 893.

If after an investigation and inquiry, as to the allegations set forth in these various complaints, action was foreclosed at this stage, such rights as may exist would be defeated contrary to the policy of the Act.

Since the argument was held in this case, the Supreme Court of the United States has held, without reservation, that the substitution of Fleming for Porter is proper. No purpose could be gained by

18

referring to or commenting on the reasons given by the court. At most it need be only stated that the Supreme Court answered all arguments or reasons presented by the defendant as to why substitution of Fleming for Porter should not be granted. Fleming v. Mohawk Wrecking & Lumber Co. and Smith, 67 S.Ct. 1129.

In view of the decision of the Supreme Court to which I have just made reference, and in which it was held that. the substitution of Philip B. Fleming for Paul A. Porter is proper, and the belief of the Court that there was a substantial need for continuing and maintaining the various causes of action filed by Chester Bowles, the order of substitution ex parte of Paul A. Porter for Chester Bowles was proper. As a result thereof, it is proper to direct the substitution of Philip B. Fleming in place of Paul A. Porter.

The motion to substitute Philip B. Fleming, Administrator of the Office of Temporary Controls, as party-plaintiff for Paul A. Porter, successor to Chester Bowles, and to substitute Philip B. Fleming, Administrator of the Office of Temporary Controls, in place of all actions filed in the first instance by Paul A. Porter, as Administrator of the Office of Price Administrator, is, therefore, granted.

Provided however, in some of these cases a claim has been made for injunctive relief in addition to the claim for treble damages. Since an injunction is granted to restrain a person from doing or failing to do an act which is prohibited by law, there could be no substantial need for the granting of an injunction in any of these cases, with the exception of those involving rent control, for the reason that the Emergency Price Control Act has been terminated by Executive Order of the President, No. 9809, 50 U.S.C.A. Appendix, § 601 note, by virtue of the authority delegated to him by Congress. The motion for leave to substitute Fleming for Porter is denied either in those cases originally instituted by Porter, or where he is acting as successor to Bowles, where a claim is made for injunctive relief as the sole cause of action or one of the causes of action in the complaint, with the exception of those cases involving rent control.