42

**FLEMING, Administrator, Office of Temporary Controls, v. PEOPLES NATURAL GAS CO.**

Civil Action No. 5581.

District Court, W. D. Pennsylvania.

March 12, 1948.

W. Wendell Stanton, Asst. U. S. Atty., of Pittsburgh, Pa., for plaintiff.

William H. Eckert, of Philadelphia, Pa., of Smith, Buchanan & Ingersoll, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

On December 2, 1947, Owen M. Burns, United States Attorney for the Western District of Pennsylvania, petitioned this Court that the United States be made the party plaintiff in the above-entitled case instead of Philip B. Fleming, Administrator of Temporary Controls. This Court, on the same day, made an order which reads as follows:

"And now, to wit, December 2, 1947, the foregoing petition presented in open Court, it is ordered filed, and the prayer thereof, substituting the United States as plaintiff on the cases listed and made a part of the petition, granted, unless objections are made to the said prayer.

"Upon filing of written objections, arguments will be heard on February 10th, 1948 at 10 A.M.

On January 9, 1948, The Peoples Natural Gas Company, defendant above named, filed objections to the above petition for substitution and moved the Court to make an order denying said motion and also that the action be dismissed for the following reasons:

1. The Office of Temporary Controls was terminated effective June 1, 1947, pur-

suant to the provisions of Executive Order 9841 [50 U.S.C.A.Appendix, § 601 note], dated April 23, 1947.

2. By said Executive Order 9841, dated April 23, 1947, the various functions of Philip B. Fleming, Administrator, Office of Temporary Controls, were transferred to certain designated officers of the United States of America as successors to said Philip B. Fleming, Administrator, as aforesaid, effective no later than June 1, 1947.

3. Executive Order 9842 [50 U.S.C.A. Appendix, § 925 note], referred to in paragraph 2 of the petition for substitution, was dated April 23, 1947, and became and was effective on June 1, 1947.

4. The motion for substitution of party plaintiff was filed in this Court on December 2, 1947, and was not filed within six months after the successor to Philip B. Fleming, Administrator, as aforesaid, had taken office as is required under the provisions of the Act of February 13, 1925, c. 229, § 11, 43 Stat. 941, 28 U.S.C.A. § 780 and Rule 25(d) of the Federal Rules of Civil Procedure [28 U.S.C.A. following section 723c].

Should this action be dismissed and the petition of the United States Attorney refused for the reasons set forth above of the defendant?

The applicable statute is the Act of February 13, 1925, 28 U.S.C.A. § 780, which reads:

"Where, during the pendency of an action, suit, or other proceeding brought by or against an officer of the United States, * * * and relating to the present or future discharge of his official duties, such officer dies, resigns, or otherwise ceases to hold such office, it shall be competent for the court wherein the action, suit, or proceeding is pending, whether the court be one of first instance or an appellate tribunal, to permit the cause to be continued and maintained by or against the successor in office of such officer, if within six months after his death or separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved."

Rule 25(d) of the Rules of Civil Procedure provides:

"When an officer of the United States, the District of Columbia, a state, county, city, or other governmental agency, or any other officer specified in the Act of February 13, 1925, c. 229, § 11 (43 Stat. 941), U.S.C., Title 28 § 780, is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it."

In the case of Fleming v. Goodwin et al., the Circuit Court of Appeals for the 8th circuit, handed down an opinion, 165 F.2d 334, 336, which contained the following question:

"Does an action brought under § 205(e) of the Act [50 U.S.C.A.Appendix, § 925 (e)], abate and cease to be maintainable upon the resignation of the individual who, as Price Administrator, brought the action, unless his successor in office is substituted as plaintiff in conformity with Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c?

The facts are stated in the Court's opinion as follows:

"The facts material to the second question may be stated briefly as follows: This action was brought on September 6, 1945, by Chester Bowles, Price Administrator, Office of Price Administration, under § 205 (e) of the Emergency Price Control Act. It was asserted in the complaint that the defendants (appellees) were engaged in the business of selling watches at wholesale, and that they 'charged and collected from their various customers between September 6, 1944, and December 13, 1944, sums in excess of the allowable maximum prices established by such Orders (orders of the Office of Price Administration No. L-5445 and No. L-5899) covering the sales of the various watches in the amount of $19,010.69.' Judgment for three times the amount of this overcharge was prayed for.

"Chester Bowles resigned as Price Administrator, effective February 25, 1946,

and Paul A. Porter became his successor on the following day. On August 23, 1946, Porter filed a motion in the District Court to be substituted for Bowles as plaintiff. This motion was noticed for hearing on August 28, 1946, which was more than six months after Porter had taken office. On November 1, 1946, the District Court entered an order denying Porter's motion and sustaining a motion of the defendants for the abatement and dismissal of the action. Porter ceased to hold the office of Price Administrator on December 12, 1946, and was succeeded by Philip B. Fleming, Temporary Controls Administrator, under Executive Order 9809, 50 U.S.C.A.Appendix, § 601 note, 11 F.R. 14281. The latter, on January 20, 1947, moved that he be substituted for Porter as plaintiff. The District Court heard Fleming's motion for substitution on January 24, 1947, but reserved its ruling. Fleming, on January 29, 1947, appealed to this Court from the order of November 1, 1946, denying Porter's motion for substitution, and dismissing the action.

"On June 18, 1947, the United States Attorney for the Western District of Missouri filed in this Court a motion to substitute the United States as appellant, on the ground that by Executive Order 9842 * * * 12 F.R. 2646, the Attorney General had been vested with authority to maintain this action in the name of the United States. This motion and objections thereto, together with a motion of appellees to dismiss the appeal, were passed for consideration by this Court at the submission of the appeal on the merits."

The Court, in discussing the foregoing question, stated:

"The purpose of the Rule, like that of the statute which it superseded, was to provide for the continuance of an action, personal in character, brought by or against a public officer, where a substantial need for continuing the action existed and the action could not, without statutory authority, be maintained against his successor after the officer had ceased to hold office. The statute therefore was intended to cover only such actions, to which a public officer was a party, as would abate upon his separation from office. The need for the statute did not arise out of the death or resignation of Government officers who had brought actions on behalf of the Government. Such a statute was needed because the Supreme Court had ruled, in a number of cases, that actions brought against public officers to compel personal performance of their official duties could not be continued as against their successors, even though the successors consented. See Thompson v. United States, 103 U.S. 480, 484, 485, 26 L.Ed. 521; United States ex rel. Bernadin v. Butterworth, 169 U.S. 600, 605, 18 S.Ct. 441, 42 L.Ed. 873; Murphy v. Utter, 186 U.S. 95, 100, 101, 22 S.Ct. 776, 46 L.Ed. 1070; referring to c. 121, 30 Stat. 822, 28 U.S.C.A. § 780; Ex parte La Prade, 289 U.S. 444, 456, 458, 53 S.Ct. 682, 77 L.Ed. 1311. The Supreme Court recognized that there were cases brought against public officials which did not abate upon their retirement from office, such as an action against a municipal board and its members, charged with the performance of a continuing public duty. Murphy v. Utter, supra, pages 101, 103 of 186 U.S., pages 778, 779, of 22 S.Ct., 46 L.Ed. 1070; United States ex rel Bernadin v. Butterworth, supra, pages 603, 604 of 169 U.S., page 442 of 18 S.Ct., 42 L.Ed. 873. In Thompson v. United States, supra, 103 U.S. 480, 484, 26 L.Ed. 521, it was held that a suit against township clerk, which in reality was a suit against the township to enforce collection of a judgment, did not abate upon the resignation of the clerk.

"We are convinced that Rule 25(d) of the Federal Rules of Civil Procedure was not promulgated for the purpose of hampering the Government in its efforts, through its proper officers, to enforce its laws or to obtain judgment for money rightfully due it or for statutory damages. The Rule was never intended to relieve defendants, in actions brought on behalf of the Government, of their statutory liability to the Government.

"We think that Rule 25(d) is no broader than the reason for it, and that this action may still be maintained, notwithstanding the failure of Bowles' successors to comply with the Rule. The Price Administrator

was authorized by § 205(e) of the Emergency Price Control Act to bring the action 'on behalf of the United States.' He was not authorized to bring it on his own behalf. The right and duty to institute and maintain the action attached to the office and not to the individual who happened to be holding the office at the time the action was brought. We think that the action survived the resignation of Bowles as Price Administrator and was unaffected by that event. The duty and authority to continue this action on behalf of the Government devolved upon Porter as the successor to Bowles, and then upon Fleming as successor to Porter, and finally upon the Attorney General, who was authorized to maintain it in the name of the United States. The action was, however, in substance and reality, at all times a controversy between the Government and the appellees. The only purpose of substitution in such a case is to keep the record straight so that the judgment finally entered will unquestionably bind the right parties. Such a substitution, we think, amounts to nothing more than a formal amendment to the title of the action to conform it to the truth.

"It is true that the opinion of the Supreme Court in the case of Fleming v. Mohawk Wrecking & Lumber Co., 331 U.S. 111, 67 S.Ct. 1129, indicates that Rule 25(d) is applicable to an action such as this. In that case, the court said (331 U.S. at page 119, 67 S.Ct. at page 1133):

" 'For these reasons Fleming is a successor in office of Porter and may be substituted as a party under Rule 25, Rules of Civil Procedure, * * *. The rule requires a showing of "substantial need" for continuing and maintaining the action. Though most of the controls have been lifted, the Act is still in effect. Liabilities incurred prior to the lifting of controls are not thereby washed out. United States v. Hark, 320 U.S. 531, 536, 64 S.Ct. 359, 362, 88 L.Ed. 290; Utah Junk Co. v. Porter, 328 U.S. 39, 44, 66 S.Ct. 889, 892 (90 L.Ed. 1071); Collins v. Porter, 328 U.S. 46, 49, 66 S.Ct. 893, 894 (90 L.Ed. 1075). And Congress has explicitly provided that accrued rights and liabilities under the Emergency Price Control Act are preserved whether or not suit is started prior to the termination date of the Act. If investigation were foreclosed at this stage, such rights as may exist would be defeated, contrary to the policy of the Act.'

"The Court in that case, however, did not have before it the question whether noncompliance with the Rule would have precluded the further maintenance of the action.

"To hold that this action abated upon the resignation of Chester Bowles as Price Administrator and was no longer maintainable because of the noncompliance by his successors with Rule 25(d), would, in our opinion, be to glorify form over substance and reality.

"The motion of the United States to be substituted as appellant is granted. The order appealed from is vacated, and the District Court is directed to try this case upon the merits."

■ While the facts in the above case differ from the present case, the reason or reasons for the decision in which I concur, are applicable to the present case. Defendant's objections should be overruled and its motion to dismiss refused.