205 F.2d 305
 STANOLIND OIL & GAS CO. et al.
v.
FREEHILL.
 No. 615.
 United States Emergency Court of Appeals.
 Heard at Washington, D. C., January 17, 1953.
 Decided June 2, 1953.
 
 David Lloyd Kreeger, Washington, D. C., with whom Rawlings Ragland, Washington, D. C., was on the brief, for complainants.
 George Arthur Fruit, Attorney, Department of Justice, Washington, D. C., with whom Holmes Baldridge, Asst. Atty. Gen., Edward H. Hickey, Chief, General Litigation Section, Department of Justice, and Herbert N. Maletz, Chief Counsel, James A. Durham, Associate Chief Counsel, Israel Convisser, Chief, Court Review Division, Brooklyn, N. Y., and Richard L. Hirshberg and Daniel J. Dykstra, Attorneys, Office of Price Stabilization, were on the brief, for respondent.
 Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.
 McALLISTER, Judge.
 
 
 1
 In a complaint filed in this suit, Stanolind Oil and Gas Company and Continental Oil Company seek review of an order of the Director of Price Stabilization denying a joint protest filed against Order L-50, and Order L-50, Amendment 1, in which the Director fixed the ceiling price of natural gas produced from the Woodlawn Field at Harrison County, Texas, at 10 cents per thousand cubic feet (MCF).
 
 
 2
 Subsequent to the filing of the complaint herein, on February 12, 1953, the Director of Price Stabilization issued General Overriding Regulation 12, exempting all sales of natural gas from any ceiling price regulation, after the date of the issuance of such regulation; and since that time, has filed, in this cause, suggestion that the issues in this proceeding have thereby become moot, setting forth that complainants make no claim that they have violated any of the provisions of the regulations or orders at issue in suit, or that they are subject to enforcement action therefor; nor that there is any enforcement suit pending or contemplated for any such violation.
 
 
 3
 Complainants filed objections to the suggestion of mootness, contending that it is without substance; that the decision in this cause will affect the rights of complainants to recover for sales of gas at the rate of 12 cents per MCF, under their contract with the Mississippi River Fuel Corporation, for the period during which Order L-50 and Order L-50, Amendment 1, were in force; that the suppression of such orders by the above mentioned General Overriding Regulation 12 does not deprive this court of jurisdiction to review the timely protests filed against the validity of the two orders; and that a denial to the complainants of an opportunity in this proceeding to test the validity of the orders in question would deprive them of due process of law in violation of the Fifth Amendment. No claim is made that complainants violated the above mentioned orders or that there is any enforcement suit pending against them or contemplated, based on any such violations. The sole ground upon which complainants ask the court for a determination on the merits is the existence of the above mentioned contract. They assert a right to recover a difference between the price specified in the contract, and the ceiling price for deliveries made while the orders were in effect.
 
 
 4
 It is the contention of complainants that a cause becomes moot only if a decision of the case cannot affect the rights of the litigants before the court, citing Collins v. Porter, 328 U.S. 46, 66 S.Ct. 893, 90 L.Ed. 1075; St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199; and they submit that although Revision 1 of General Overriding Regulation 12, issued February 12, 1953, exempts prospectively all sales of natural gas from any ceiling price regulations, nevertheless, Order L-50 dated August 22, 1951, and Order L-50, Amendment 1, dated February 19, 1952, continue to govern the validity of transactions that occurred under their rule; and that such orders, therefore, continue to limit to 10 cents per MCF the price which complainants may collect under their twenty-year contract with Mississippi River Fuel Corporation for gas delivered during the eighteen-month period in which the orders were in effect.
 
 
 5
 The contract in question, which was executed April 3, 1951, fixed a price of 12 cents per MCF for the gas delivered thereunder during the first two years, and provided for an increase in the price at stated intervals during the remainder of the twenty-year term. However — and this has to do with the ceiling price of 10 cents per MCF — the contract further provided that it would be subject to all present and future rules, regulations, and orders of any authority having jurisdiction in the premises, which would be relevant to the subject matter thereof; that each party would presume that all such rules, regulations, and orders were valid and subsisting in all respects until held otherwise by a court having jurisdiction in the premises.
 
 
 6
 Complainants, accordingly, submit that unless this court passes upon the validity of the two orders, they are presumed by the terms of the contract to be valid and subsisting in all respects; that, if the orders in question were invalid, the failure of this court so to determine, will prevent complainants from collecting the contract price of 12 cents per MCF for the period governed by the two orders; and that, conversely, a decision of this court upholding complainants' protest that the orders were invalid will enable complainants to collect the difference between the improperly reduced price of 10 cents and the full contract price of 12 cents per MCF. Such a decision, complainants declare, "has practical significance and makes this a living and not a hypothetical controversy", in the language of Collins v. Porter, supra [328 U.S. 46, 66 S.Ct. 894], and, accordingly, complainants insist the case is not moot, since it affects the rights of litigants before this court. Where a judgment by the Emergency Court of Appeals on the merits as to the validity of regulations and orders could not have any effect upon the rights of the parties before it, the complaint will be dismissed as moot. See J. J. Schmitt & Co. v. Turney, Em.App., 1948, 169 F.2d 425; Markbreiter v. Woods, Em.App., 1947, 163 F.2d 993; Waseca Realty Corp. v. Porter, Em.App. 1946, 157 F.2d 67; Fasons Realty Corp. v. Bowles, Em.App.1944, 146 F.2d 499. It is here claimed by the Director of Price Stabilization that complainants have no rights which would be affected by the decision of this court, and that the proceedings before us are, accordingly, moot. It is contended by complainants that their rights under their contract with the Mississippi River Fuel Corporation would be affected by this court's decision. Since this court has jurisdiction to determine whether proceedings before it have become moot, it has jurisdiction to construe the contract which the parties agree is decisive of that question, as an incident to the exercise of such jurisdiction. See Duncan Coffee Co. v. Reconstruction Finance Corp., Em.App., 1949, 178 F.2d 926, 929; Fast v. DiSalle, Em.App., 1951, 193 F.2d 181.
 
 
 7
 The answer to complainants' argument that their rights under their contract with the Mississippi River Fuel Corporation would be affected by this court's decision is that that contract provides for payment by the Mississippi Company of the ceiling price of 10 cents per MCF during the effective period of the orders of the Office of Price Stabilization. While a price of 12 cents per MCF is specified in the contract, that price is expressly made subject to all orders fixing ceiling prices — in this case, 10 cents per MCF — and it was agreed by the parties that this price would govern, until set aside. There is no provision in any article of the contract for the recovery by complainants of the difference between the contract price and the ceiling price on those deliveries to which the ceiling price was applicable. A reading of the contract discloses that the intent of the parties was that the regulations of the Office of Price Administration would be presumed to be valid and be obeyed until revoked and found to be invalid. If the parties had intended that complainants would be entitled to recover the full contract price specified for all gas delivered from the date of the contract in the event the applicable regulations or orders should be declared invalid, they could have so provided in the contract. In view of the fact that there is no right under the contract to such recovery, no question of due process of law is here involved, since there is no deprivation of property which may be said to have been effected without due process, and, consequently, complainants have no rights which would be affected by the dismissal of the cause on the ground that it is moot.
 
 
 8
 In the light of the language of the contract, we are unable to perceive any valid ground for complainants' contention that if this court upheld their protest that the orders in question were invalid, the proper construction of the contract would obligate the Mississippi River Fuel Corporation to pay them the difference between the 12 cents per MCF, specified in the contract, and the 10 cents per MCF, specified in the price ceiling orders, for the period covered thereunder, and nothing has been brought to our attention to indicate that such was the intent of the parties at the time they entered into the contract.
 
 
 9
 However, putting aside the question whether the complainants, under their contract, would have any rights which would be affected by the decision in the instant case, we are confronted with the principal obstacle to the determination that they seek at the hands of this court, because of the statutory prohibition that, "except as provided in this subsection," no retroactive effect shall "be given to any judgment setting aside a provision of a regulation or order issued under this title." Section 408(d) (2) of the Defense Production Act of 1950, as amended, Title 50 U.S. C.A.Appendix, § 2108. The only exception referred to in the above subsection is an enforcement proceeding based upon a violation of a provision of the regulation or order sought to be set aside, and such an enforcement proceeding is not involved in the present case.
 
 
 10
 Complainants, however, rely upon the authority of Utah Junk Co. v. Porter, 328 U.S. 39, 66 S.Ct. 889, 891, 90 L.Ed. 1071, as authorizing the entry in this court of a judgment having retroactive effect. In that case, the Supreme Court was dealing only with the validity of a protest, and was concerned with the question whether a protest against a price schedule, which would have been filed too late under the original Act, 50 U.S.C.A.Appendix, § 923, could be filed by a person whose rights were affected, under an amendatory Act authorizing such a protest to be filed "at any time", notwithstanding that the basis of his objection to the price schedule had been removed prospectively by modification of the schedule prior to the filing of the protest. The court held that the amendatory Act authorizing a protest to be filed "at any time" applies equally to the new regulation and to the superseded regulation when the latter continued to govern the validity of the transaction that had occurred under its rule. Complainants plausibly argue that since any person aggrieved by the denial of a protest is given the statutory right to appeal to this court, it is obvious that if a superseded regulation or order does not bar protests, it cannot bar judicial review; and that, therefore, the ruling of the Supreme Court in the Utah Junk case in respect of the right of protest is equally relevant in respect of the right to judicial review. However, the court, in passing upon the question before it, did not give any consideration to the final sentence of subsection 204(e) (2) of the Act, 50 U.S.C.A.Appendix, § 924, providing that no retroactive effect, except as provided in the subsection with respect to enforcement suits, shall be given to any judgment of this court setting aside a provision of a regulation or order, and, accordingly, the statutory prohibition against retroactive judgments was not at issue, and was neither argued by the parties nor discussed by the court.
 
 
 11
 The language of this prohibition against giving judgments retroactive effect is plain, clear, and unambiguous; and, in our view, it is not conceivable that the Supreme Court would, in the Utah Junk Co. case, render its decision, deliberately, at variance with this statutory provision of the subsection without even referring to it.
 
 
 12
 In Atlantic Meat Co., Inc. v. Porter, Em. App., 1946, 155 F.2d 537, 539, it was held that under the above provision, then Section 204(e) (2) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, Section 924(e) (2), retroactive effect was given to the judgments of this court only in criminal or civil enforcement proceedings, and it was therein stated: "The recent case of Utah Junk Company v. Porter * * * did not deal with this provision of the Act." This holding of the court in the Atlantic Meat case has been adhered to in the subsequent decisions of this court. Standard Kosher Poultry, Inc. v. Clark, Em.App., 1947, 163 F.2d 430; Schwartz v. Clark, Em.App., 1947, 163 F.2d 751; Talbot v. Woods, Em.App., 1947, 164 F.2d 493; Colonial Village Apartments, Inc. v. Henderson, Em.App., 1953, 202 F.2d 156.
 
 
 13
 It is submitted by the government that, in any event, without regard to the provisions of the statute prohibiting retroactive effect of the judgments of this court setting aside orders or regulations under the Act, no judgment could be rendered in this case that would have any legal effect, since the federal Constitution limits the exercise of judicial power to "cases" and "controversies"; and that a controversy in the constitutional sense must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character. Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L. Ed. 617. However, if the contract between complainants and the Mississippi River Fuel Corporation entitled complainants to collect 12 cents instead of 10 cents per MCF during the period the government orders were in effect, in case such orders were held invalid, a suit raising the issue that such government orders were invalid as being contrary to law, would present a controversy within the constitutional intendment.
 
 
 14
 Complainants say that unless they are afforded an opportunty in this proceeding to test the validity of the orders in question fixing the price ceilings, they will be barred completely from challenging the validity of the orders, despite the existence of substantial contract rights dependent upon this judicial review; and that if the Defense Production Act is construed to deprive them of judicial review in this proceeding, they will be denied due process of law in violation of the Fifth Amendment inasmuch as substantial rights under their contract with the Mississippi River Fuel Corporation are dependent upon such review. However, since it is clear that the action of Congress has deprived this court of jurisdiction in the premises, that action is final, as far as this court is concerned.
 
 
 15
 This court, then, may not enter a judgment setting aside the orders in question and giving them retroactive effect. The orders have been suppressed by the Director. No prospective relief is sought. The present proceedings are, therefore, obviously moot.
 
 
 16
 Because this court has no jurisdiction to give retroactive effect to any judgment setting aside an order issued under the Act, it is beyond the scope of decision in this case to consider whether complainants would be, in proceedings before other courts, precluded from making the defense that the orders in question were invalid, in so far as such a determination would be necessary with respect to complainants' contract with the Mississippi River Fuel Corporation.
 
 
 17
 In accordance with the foregoing conclusions, a judgment will be entered dismissing the complaint for the reason that the proceedings have become moot.