Campbell, Chief Justice,
delivered the opinion of the court:
The Government has demurred to the petition. Its aver-ments are that plaintiff was engaged in the business of shipping Pocahontas smokeless coal and coke when, in November, 1917, the United States Fuel Administrator, acting under Executive order (a copy of which marked “ Exhibit A” is attached to the petition) ordered plaintiff and other shippers of coal for transshipment at the ports of Hampton Boads and others to consign all such shipments to the Tidewater Coal Exchange. This Tidewater Coal Exchange is alleged to be an unincorporated association of shippers of bituminous coal whose general purpose was to expedite the transshipment of coal from cars to boats at the named ports “ and thus release rolling stock which would be made available ” for moving more coal. The exchange had a system of rules (made an exhibit to the petition as Exhibit B) which provided for shipments to the exchange as consignee, and daily reports by the exchange showing the number of tons of coal reported shipped to date, amount unloaded into vessels “ and the standing of each member in each designated consigning pool.” The plaintiff was not a member of the exchange, but under the fuel administrator’s order its rights were substantially those of a member. It did make shipments of coal consigned to the exchange, and it avers that the defendant, acting through the fuel administrator, “ withheld from and failed to credit ” plaintiff with coal shipped to the said exchange to a large amount, more than 34,000 tons, and failed to give plaintiff the proper credit until December 5, 1918. It is averred that during *325 the period from November 11, 1917, to December 5, 1918, there was a ready market for the coal for export and for bunkering purposes at Lambert’s Point, Hampton Eoads, Virginia, to which place plaintiff made its shipments; and that the plaintiff would have disposed of its coal at a good price if proper credit for it had been given by the exchange, and on account of the failure to get the requisite notice and credit plaintiff was subjected to damage stated at $50,000 brought about by the want of a market for coal when the error was discovered.
The petition founds the claims “ upon the fifth amendment to the Constitution” and also upon section 145 of the Judicial Code.
If the theory of plaintiff is that there was a taking of its coal by the United States or under their authority it would yet be true that the right to bring suit in this court would not be founded upon the fifth amendment, but upon the existence of an implied contract entered into by the United States. See United States v. North American Co., 253 U. S. 330, 335; Klebe case, 263 U. S. 188, 191; 57 C. Cls. 160. The question, therefore, is whether there was an implied contract on the part of the Government to pay plaintiff’s alleged damages or to pay for its coal shipped, as stated, but for which it was not given timely credit by the Tidewater Coal Exchange. While it is to be conceded that where the Government takes property of the citizen for public use without any claim of ownership or right to it in itself it impliedly promises to make just compensation therefor (Great Falls Mfg. Co. case, 112 U. S.- 645; North American Go. ease, supra), the circumstances may be such as to clearly rebut the existence of an implied contract. Horstmann Co. case, 257 U. S. 138, 146; Klébe case, supra. It is not contended for plaintiff that the coal was requisitioned by the fuel administrator under section 10 of* the Lever Act, 40 Stat. 276. That section confers power on the district courts to determine the controversies growing-out of such a requisition. See Pfitsch case, 256 U. S. 549. We think there was no requisitioning of the coal under that section or any other section of the Lever Act, nor was there any taking of plaintiff’s property for public use. See *326 Pine Hill Coal Co. case, 259 U. S. 191, 55 C. Cls. 433; Morrisdale Coal Co. case, 259 U. S. 188, 55 C. Cls. 310. The facts .averred clearly rebut any implication of a contract by the United States to pay for the coal. In its essence the suit of plaintiff is one to recover damages for the omission, or negligence, of the Tidewater Coal Exchange as a designated agency of the Fuel Administration. The Government is not liable for the torts, misconduct, misfeasances, or laches of its employees. See Bigby case, 188 U. S. 400, 407; Gibbons case, 8 Wall. 269, 274; Hill case, 149 U. S. 593, 598.
The demurrer should be sustained and the petition dismissed, and it is so ordered.
GRAham, Judge; Hat, Judge; Downey, Judge, and Booth, Judge, concur.