**STANDARD KOSHER POULTRY, Inc. v. CLARK.**

**No. 420.**

United States Emergency Court of Appeals.

Motion to set aside judgment of dismissal, July 16, 1947.

On Motion for Reconsideration, Aug. 18, 1947.

As Amended Sept. 17, 1947.

Monroe Oppenheimer and Miller, Sher & Oppenheimer, all of Washington, D. C., for complainant.

Tom C. Clark, Atty. Gen. (Floyd L. Cook, Charles G. Mulligan, and Harry H. Schneider, Irving J. Helman, and James A. Durham, Attys., Dept. of Justice, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER, McALLISTER and LINDLEY, Judges.

MAGRUDER, Judge.

On July 10, 1947, this court entered its order dismissing the present complaint, being of opinion that it was without jurisdiction to entertain the same. Complainant having moved for reconsideration of our order of dismissal, we shall now state briefly our reason for the action taken.

On October 25, 1945, the Price Administrator filed in the United States District Court for the Southern District of New York a treble damage suit against complainant, pursuant to § 205(e) of the Emergency Price Control Act, as amended, 50 U. S.C.A.Appendix, § 925(e), alleging that complainant had made sales in October, 1944, and subsequent periods, of kosher frozen eviscerated poultry at prices in excess of the maximum prices established by Revised Maximum Price Regulation No. 269—Poultry, issued December 18, 1942 (7 F.R. 10708). Thereafter, on November 7, 1945, complainant filed with the Price Administrator a protest against the said RMPR 269. This protest was denied on October 11, 1946, whereupon complainant, claiming to be aggrieved by the order of denial, filed a complaint (No. 386) in this court. Pursuant to a stipulation between the parties for entry of judgment, this complaint was disposed of on February 17, 1947, by entry of our judgment which adjudged and declared that "the arbitrary refusal of the Administrator to grant Complainant an adjustment of its maximum prices under Section 1429.14(f) of Revised Maximum Price Regulation No. 269, to which it was entitled, made that regulation invalid insofar as it prescribed maximum prices for Complainant's sales of kosher

frozen eviscerated poultry on and after May 22, 1944, the date of Complainant's application for adjustment." Shortly thereafter the enforcement action aforesaid was dismissed. There is now no enforcement action pending against the complainant, nor, according to respondent, is there "a possible one under consideration."

On March 26, 1947, complainant filed another protest against RMPR 269, seeking to have the regulation declared invalid in so far as it established maximum prices for complainant's kosher frozen eviscerated poultry during January and April, 1944. The protest set forth that, during these two months, under the alleged coercion of Food Distribution Order No. 91, complainant had been forced to make sales to the War Department of kosher frozen eviscerated poultry under "contracts" specifying dollars-and-cents prices corresponding to the applicable maximum prices under RMPR 269. This protest was not disposed of on the merits, but on May 6, 1947, the Temporary Controls Administrator (at that time the successor to the Price Administrator) entered an order dismissing the protest upon the technical grounds of mootness, laches, and res judicata.

Thereafter, on May 29, 1947, complainant filed in this court the complaint now in question (No. 420). The complaint was based upon the theory that complainant's compliance with the "letter orders" of the Army Quartermaster Corps in January and April, 1944, constituted a "taking" of its property in the constitutional sense, entitling it to "just compensation" under the Fifth Amendment; that if complainant should sue the United States under the Tucker Act, 28 U.S.C.A. § 41(20), for just compensation, it would be met by the proposition that the ceiling price validly established by an applicable price regulation represents the maximum limit of the "just compensation" which the government is obliged to pay for the property taken (Cudahy Bros. Co. v. United States, 7 Cir., 1946, 155 F.2d 905; that in such a suit for just compensation, the Court of Claims would be precluded, under § 204(d) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 924(d), from considering the validity of

the ceiling prices established by RMPR 269, which matter is, by § 204(d), confined to the exclusive jurisdiction of the Emergency Court of Appeals and the Supreme Court upon review of our judgments on certiorari. Therefore, complainant sought a judgment by us declaring that RMPR 269, as applied to complainant's commodity in question, was invalid in January and April, 1944, thereby hoping to remove an obstacle which complainant conceived to exist to a successful suit against the United States in the Court of Claims for just compensation in an amount in excess of the maximum prices established by the regulation.

By our order entered June 11, 1947, the Director of the Division of Liquidation, Department of Commerce, was substituted for the Temporary Controls Administrator as respondent. On the same day respondent moved to dismiss the complaint upon various grounds, relying, on the mootness point, upon our decision in Atlantic Meat Co., Inc., v. Porter, Em.App., 1946, 155 F.2d 537.

While respondent's motion to dismiss was still before us, undisposed of, the provisions of the Emergency Price Control Act of 1942, as amended, terminated, except as provided in § 1(b) of the Act. Such termination date was June 30, 1947. See § 1 of the Price Control Extension Act of 1946, Pub.Law 548, 79th Cong., 2d Sess., 50 U.S.C.A.Appendix § 901. Our judgment of July 10, 1947, dismissing the present complaint, was based upon the view that, upon the general termination of the Act on June 30, 1947, this court lost power to give complainant the relief sought, assuming, for present purposes, without so deciding, that, prior to June 30, 1947, we had power under the complaint to pass upon the validity of RMPR 269 as of the past periods in question and to issue a retroactive declaration of invalidity.

Section 1(b) of the Emergency Price Control Act, as amended, provides as follows: "The provisions of this Act, and all regulations, orders, price schedules, and requirements thereunder, shall terminate on June 30, 1947 * * *; except that as to offenses committed, or rights or

liabilities incurred, prior to such termination date, the provisions of this Act and such regulations, orders, price schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense."

█ █  The obvious reference is to civil and criminal enforcement proceedings predicated upon past violations alleged to have been committed while the Act and regulations thereunder were still in effect. What might be called the ancillary jurisdiction of the Emergency Court of Appeals, under § 204(a) and § 204(e) of the Act, to determine the validity of any provision of a regulation upon which such enforcement proceedings are predicated, is preserved, after the termination date of June 30, 1947, by § 1(b) of the Act. See 150 East 47th Street Corp. v. Porter, Em.App., 1946, 156 F.2d 541. But in the case at bar no civil or criminal enforcement proceedings are pending in any court, and none such are in the offing, so far as appears.

Our conclusion as to the inapplicability of § 1(b) of the Act to preserve our jurisdiction in the case at bar is strengthened, perhaps, by reference to § 204(e) (2) of the Act, which provides in substance, that a judgment of this court setting aside any provision of a regulation is to be given retroactive effect only in criminal or civil enforcement proceedings under § 205, and then only to the extent that such proceedings are based upon violation of the provision so set aside. See Atlantic Meat Co., Inc., v. Porter, Em.App. 1946, 155 F.2d 537, 539; Thomas Paper Stock Co. v. Bowles, Em.App. 1945, 148 F.2d 831, 839, note 14. It would be an odd thing if a judgment of this court rendered after the general termination of the Act were to be given greater effect than if the judgment had been rendered before.

The motion to set aside judgment of dismissal is denied.