**TALBOT v. WOODS.**

No. 438.

United States Emergency Court of Appeals.

Submitted Nov. 7, 1947.

Decided Nov. 28, 1947.

George H. Talbot, pro se.

Charles P. Liff, of Washington, D. C., Chief, Court Review and Appeals Branch, Office of Rent Control, Office of the Housing Expediter, for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LINDLEY, Judges.

MAGRUDER, Judge.

This complaint, filed pursuant to § 204 (a) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 924(a), is directed against two orders of the Rent Director for the Charlotte, N. C., Defense-Rental Area. In disposing of respondent's motion to dismiss for lack of jurisdiction, we need only refer to one of the orders for they raise the same jurisdictional issue.

Complainant-landlord had a freeze date maximum rent of $45 per month for an apartment unit in Charlotte. On November 13, 1945, the Area Rent Director issued an order under §§ 5(b) (2) and 5(c) (3) of the Rent Regulation for Housing (10 F.R. 13528), decreasing the maximum rent to $40 per month on account of a decrease in services. The order in terms was made effective as of July 1, 1945, being made retroactive to the date on which the alleged decrease in services had occurred, because of the failure of the landlord to file a petition or report as required by § 5(b) (2).

In November, 1945, the landlord filed with the Price Administrator a protest against this order of the Rent Director. For some unexplained reason, this protest was not acted on until after the termination of the Emergency Price Control Act, when the Housing Expediter, on September 15, 1947, entered his opinion and order denying the protest and stating that the maximum rent for the subject apartment is established at $40 per month as of the date fixed in the Rent Director's order.

There is now pending no civil or criminal enforcement action based on a past violation of the rent reduction order, nor does it appear that any such is threatened. Complainant states that he has obeyed the order since the date of its issuance and in obedience thereto has charged his tenant only $40 per month, the maximum fixed by that order.[1] The asserted remaining interest of complainant in having the rent reduction order set aside is twofold: (1) So as to be able lawfully to charge his tenant $45 per month for the future, and (2) so as to be able to recover from the tenant for past monthly periods the amount by which the maximum rent was reduced by the order in question.

As to the validity of the order in its application to the future, it is clear that this court has no jurisdiction. The Emergency Price Control Act, which created this court and established its jurisdiction, terminated on June 30, 1947, and so far as the present case is concerned we have no further power to function, except within a limited residual jurisdiction preserved by § 1(b) of that Act, 50 U.S.C.A. Appendix, § 901(b). Rent controls after June 30, 1947, are imposed solely by force of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., which gives no extended jurisdiction to the Emergency Court of Appeals, and indeed makes not a single reference to it. Section 204 (b) of the Housing and Rent Act of 1947 provides that, after its effective date (July 1, 1947), "no person shall demand, accept, or receive any rent for the use or occupancy of any controlled housing accommodations greater than the maximum rent established under the authority of the Emergency Price Control Act of 1942, as amended, and in effect with respect thereto on June 30, 1947", subject, however, to a power in the Housing Expediter by regulation or order to make adjustments in such maximum rents. Thus, on July 1, 1947, Congress itself directly fixed maximum rents, adopting by reference the maximum rents which had theretofore been established "under the authority of" the expired Emergency Price Control Act and were "in effect" on June 30, 1947. Is that reference to all outstanding rent regulations and orders which had not been set aside by judgment of the Emergency Court of Appeals on or before June 30, 1947; or did Congress mean to adopt the maximum rents established only in such regulations or orders as were valid under the standards of the Emergency Price Control Act and which would have survived attack in the Emergency Court of Appeals had such attack been pressed to a decision prior to the termination of the Emergency Price

---

[1] The reduction order was made retroactive to July 1, 1945, and it is not clear whether the landlord has refunded to the tenant the extra $5 per month presumably collected during the period from July 1, 1945, to November 13, 1945, when the Rent Director's order was issued. It is therefore possible that the tenant might have had a treble damage suit on account of overcharges during that period, assuming the invalidity of the rent reduction order. However, no such suit has been filed by the tenant, and such a suit would now be outlawed by the one year statute of limitations in § 205(e) of the Emergency Price Control Act, as amended, 50 U. S.C.A.Appendix, § 925(e).

Control Act?[2] This is a question involving the interpretation of the Housing and Rent Act of 1947, which it is not within the competence of this court to decide. The Emergency Court of Appeals has no jurisdiction as such to entertain a complaint seeking a determination of what is complainant's maximum rent as established by or under the Housing and Rent Act of 1947, or to pass on its validity. What remedy may be available to complainant in some other court to obtain such a determination, by declaratory judgment or otherwise, is not for us to say.

The remaining question is whether we have power to give a retroactive judgment as to the validity of the Rent Director's order for the period from the date of its issuance in 1945 to June 30, 1947, in order that complainant may have his way cleared to recover from the tenant for unpaid rent of $5 per month during that period. This depends upon § 1(b) of the Emergency Price Control Act, as amended, which reads as follows:

"The provisions of this Act, and all regulations, orders, price schedules, and requirements thereunder, shall terminate on June 30, 1947 * * *; except that as to offenses committed, or rights or liabilities incurred, prior to such termination date, the provisions of this Act and such regulations,

[2] Thus, suppose that a Rent Director issued a rent reduction order in a type of situation in which, by a proper interpretation of the applicable rent regulation, he was not authorized to reduce a maximum rent (cf. White v. Bowles, E.C.A. 1945, 150 F.2d 408). Under the Emergency Price Control Act, no court other than the Emergency Court of Appeals had original jurisdiction to consider the validity of such order. But if, on June 30, 1947, the rent reduction order had not been set aside either by administrative action or by a judgment of this court, would the maximum rent fixed by such order be deemed to have been established "under the authority of" the Price Control Act and "in effect" on June 30, 1947, within the meaning of § 204(b) of the Housing and Rent Act of 1947? If so, then the maximum rent established in such order became, by Congressional adoption, the maximum rent for the housing unit on and after July 1, 1947; and any question as to the prospective validity of such maximum rent would raise only the constitutional power of Congress to prescribe such rent. Making the same assumption, the further complication might be suggested: There might be pending before us on June 30, 1947, a complaint involving the past validity of the rent reduction order, which the landlord was charged in a pending enforcement suit with having violated. Our jurisdiction to decide such a case would survive under § 1(b) of the Price Control Act. If, subsequently, we should enter judgment declaring the rent reduction order invalid, that judgment would be operative only retroactively, to the period prior to July 1, 1947. It would not, on the assumption we have made, affect the prospective validity of the maximum rent which Congress itself imposed, in the Housing and Rent Act of 1947, by adopting the maximum rent fixed in a rent reduction order construed to be "in effect" on June 30, 1947.

Taking now the other assumption, that Congress in § 204(b) of the Housing and Rent Act of 1947 meant to adopt the maximum rents established only in such rent regulations or orders as were valid under the standards of the Price Control Act and which would have survived attack in the Emergency Court of Appeals had such attack been pressed to a decision prior to the termination of the Price Control Act: It would still be true that the Emergency Court of Appeals could determine the past validity of such rent regulation or order only as an incident to the exercise of its residual jurisdiction preserved by § 1(b) of the Price Control Act. If an enforcement suit were pending against the landlord for violation of a rent reduction order prior to June 30, 1947, and the landlord invoked the jurisdiction of this court to pass upon the validity of the order, this court might enter a judgment declaring that the order was invalid, and under § 204(e)(2) of the Price Control Act this judgment would be given retroactive effect in the pending enforcement proceeding. Such judgment might, or might not, be res judicata on the issue whether the maximum rent established by the order in question was "in effect" on June 30, 1947, and thus was adopted by Congress as the applicable maximum rent under the Housing and Rent Act of 1947. Whether our judgment would incidentally have this effect as res judicata would necessarily only be presented for decision in some other court having jurisdiction to entertain litigation concerning the maximum rents under the Housing and Rent Act of 1947.

orders, price schedules, and requirements shall be treated as still remaining in force for the purpose of sustaining any proper suit, action, or prosecution with respect to any such right, liability, or offense."

As we said in Standard Kosher Poultry, Inc., v. Clark, E.C.A.1947, 163 F. 2d 430, § 1(b) obviously refers to civil and criminal enforcement proceedings predicated upon past violations alleged to have been committed while the Act and regulations thereunder were still in effect, and preserves the ancillary jurisdiction of the Emergency Court of Appeals, under § 204(a) and § 204(e) of the Act, to determine the validity of any provision of a regulation or order upon which such enforcement proceedings are predicated. Since complainant claims to have obeyed the Rent Director's order from the date of its issuance, and nothing to the contrary appears, no question remains as to any "offense" committed or any "liability" incurred by violation of the order while it was in effect, or as to any "right" to treble damages on account of such violation. The case therefore does not fall within the saving clause of § 1(b).

What we have said is reenforced by the further consideration that in any event a judgment of this court could not have the retroactive effect desired by complainant. Under § 204(e) (2) of the Emergency Price Control Act, as amended, a judgment of this court setting aside a regulation or order is given retroactive effect only in criminal or civil enforcement proceedings brought pursuant to § 205 of the Act, and then only to the extent that such proceedings are based upon a violation of the regulation or order so set aside. Atlantic Meat Co., Inc., v. Porter, Em.App., 1946, 155 F.2d 537, 539; Standard Kosher Poultry, Inc., v. Clark, Em.App., 1947, 163 F.2d 430, 432; Schwartz v. Clark, Em.App., 1947, 163 F.2d 751. See Thomas Paper Stock Co. v. Bowles, Em.App., 1945, 148 F. 2d 831, 839, footnote 14.

A judgment will be entered dismissing the complaint for lack of jurisdiction.