221 F.2d 118
 James J. KERWIN
v.
Edward F. PHELPS, Jr., Assistant Director for Stabilization, Office of Defense Mobilization, Respondent, and
Raymond A. Wyckoff, Intervening Respondent.
 No. 671.
 United States Emergency Court of Appeals
 Heard at Newark, New Jersey March 9, 1955.
 Decided April 21, 1955.
 
 Mr. Edward C. Stokes, Long Branch, N. J., for complainant.
 Mr. Charles N. Gregg, Jr., Atty., Department of Justice, Washington, D. C., with whom Messrs. Warren E. Burger, Asst. Atty. Gen., and Edward H. Hickey, Chief, General Litigation Section, Department of Justice, Washington, D. C., were on the brief, for respondent Edward F. Phelps, Jr.
 Mr. Ira J. Katchen, Long Branch, N. J., filed a brief for the intervening respondent Raymond A. Wyckoff.
 Before MARIS, Chief Judge, and McALLISTER, Judge.
 MARIS, Chief Judge.
 
 
 1
 This suit was brought by the complainant, a former tenant of premises 300 Norwood Avenue, Long Branch, New Jersey, seeking relief against an order of the respondent issued April 16, 1954 granting in part the protest of the landlord against an order of the Area Rent Director issued June 4, 1953 under the Housing and Rent Act of 1947, 50 U.S. C.A.Appendix, § 1881 et seq., which had reduced the maximum rent of the premises to $47 per month retroactively from October 1951. The order of April 16, 1954 set the maximum rent at $85 per month effective only from June 4, 1953, the date of the original order. The order of April 16, 1954 was protested by the complainant and his protest was denied by the respondent on August 17, 1954, following which the present complaint was filed in this court under section 408(a) of the Defense Production Act of 1950 as amended, 50 U.S.C.A. Appendix, § 2108. The landlord was thereafter permitted by this court to join in the proceeding as the party respondent.
 
 
 2
 It appears that the complainant ceased to be a tenant of the premises in question in October 1953 and that rent control of the premises under the Housing and Rent Act of 1947 expired December 31, 1953. The respondents assert that in view of these facts this court is without power to grant any relief to the complainant. Obviously we can grant no prospective relief to him since he is no longer the tenant and rent control has, in any case, terminated. But the complainant asserts that he has a suit pending in the Monmouth County Court of New Jersey against the landlord for the overcharges of rent resulting from the original rent reduction order of June 4, 1953. He urges that he is entitled to have an adjudication by this court of the validity of the action of the respondent on April 16, 1954 in modifying that order by changing the reduced maximum rent from $47 to $85 per month and eliminating the retroactive feature of the reduction order.
 
 
 3
 The complainant's contention in this regard cannot be sustained because this court does not have power to accord him the retroactive relief which he requests. The jurisdiction of the court is purely statutory and in this case is conferred by section 408 of the Defense Production Act of 1950 as amended by the Defense Production Act Amendments of 1952. Assuming that our jurisdiction in this case survives the termination of the Housing and Rent Act of 1947 by virtue of the saving clause of section 204(f) (4) of that Act it is perfectly clear that our power to enter a judgment with purely retroactive effect is strictly limited by the express terms of section 408(d) (2) of the Defense Production Act as amended. The pertinent language of that subsection is: "nor, except as provided in this subsection, shall any retroactive effect be given to any judgment setting aside a provision of a regulation or order issued under this title." See Thomas Paper Stock Co. v. Bowles, Em.App.1945, 148 F.2d 831, 839, footnote 14. The only provision of subsection 408(d) authorizing retroactive effect to be given to a judgment of this court is that if any provision of a regulation or order is determined to be invalid by such a judgment "any proceeding pending in any court shall be dismissed, and any judgment in such proceeding vacated, to the extent that such proceeding or judgment is based upon violation of such provision."
 
 
 4
 In this case the pending proceeding in which the complainant wishes to have retroactive effect given to the judgment which he seeks to obtain from this court is not a proceeding based upon the violation of the order of April 16, 1954 which he here asks us to set aside. Nor does he seek our judgment for the purpose of having that proceeding dismissed. Rather he seeks our judgment to re-establish for him a cause of action against his landlord which the Area Rent Director's order of June 4, 1953 created and which his state suit was brought to enforce but which the respondent's order of April 16, 1954 destroyed. It is perfectly clear that Congress has not given this court power to afford the complainant retroactive relief of this character. Atlantic Meat Co. v. Porter, Em.App. 1946, 155 F.2d 537; Standard Kosher Poultry, Inc. v. Clark, Em.App.1947, 163 F.2d 430; Talbot v. Woods, Em.App. 1947, 164 F.2d 493; Colonial Village Apartments v. Henderson, Em.App.1953, 202 F.2d 156.
 
 
 5
 A judgment will be entered dismissing the complaint.